UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| BATTRICK D. KINSLOW, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 4:05-cv-41 <br> (4:03-cr-42) <br> *Edgar* |

**MEMORANDUM**

Petitioner Battrick Kinslow has filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. [Court Doc. No. 1]. The Government opposes Kinslow's motion. [Court Doc. No. 4]. As stated *infra*, this court has concluded that Kinslow's Section 2255 motion is without merit and will be **DENIED**.

**I.   Procedural and Factual History**

On November 25, 2003, a United States grand jury sitting for the Eastern District of Tennessee, Chattanooga Division, returned a seven count indictment against Kinslow charging him with: four counts involving the conspiracy to sell and the sale and distribution of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; one count involving possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I); two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The indictment involved the sale of crack from March 2003 to November 20, 2003.

The following facts are taken from the Pre-sentence Report ("PSR") prepared by the

United States Probation Office:

> 14. On March 21, 2003, officers with the Decherd Police Department conducted three controlled purchases of crack cocaine from Battrick D. Kinslow using a confidential informant (CI-1). All three transactions were electronically monitored and recorded. The first purchase was for .4 gram of cocaine base, the second was for .2 gram of cocaine base, and the third was for .3 gram of cocaine base, **for a total of .9 gram of cocaine base sold by the defendant to CI-1.**
>
> 15. In October of 2003, Kinslow discussed with another confidential informant (CI-2) his desire to kill CI-1, who had provided police with incriminating information about Kinslow. On November 20, 2003, under the direction of police, CI-2 contacted Kinslow and informed Kinslow that he was ready to kill CI-1, pursuant to Kinslow's wishes. Through negotiations over the telephone, Kinslow arranged to meet CI-2 with a handgun to be used to kill CI-1. As compensation, Kinslow would forgive a $6,200 debt that CI-2 owed Kinslow for an automobile accident that damaged the defendant's vehicle. Later on November 20, 2003, Kinslow brought a firearm, **a loaded .38 caliber Smith & Wesson revolver**, to CI-2's residence. Officers with the Franklin County Sheriff's Department were inside and around the residence to monitor the transaction. Kinslow gave the .38 caliber revolver to CI-2 and the two discussed the killing. Kinslow left the residence and officers obtained a state arrest warrant for Kinslow. Later, Kinslow was arrested at his residence and gave officers written consent to search his residence. Officers found a 9mm Lorcin handgun in Kinslow's bedroom on top of a laundry basket. Kinslow was informed of his rights, waived those rights verbally, and admitted that he owned the handgun. He also told investigators that during the fall of 2003, he had transported quantities of crack cocaine from Chattanooga to Franklin County, Tennessee (no specific amounts known).

PSR, ¶¶ 14-15.

On February 25, 2004 Kinslow signed a plea agreement agreeing to plead guilty to Counts 1, 5 and 6 of the indictment. Count 1 pertained to Kinslow's conspiracy to distribute and possession with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Count 5 pertained to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I). Count 6 pertained to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The government agreed to dismiss Counts 2, 3, 4, and 7 of

the indictment. [Court Doc. No. 17, Plea Agreement, ¶¶ 1-4].

The plea agreement also states that:

> The defendant expressly waives the right to appeal his conviction on any ground, other than ineffective assistance of counsel or prosecutorial misconduct. The defendant further agrees not to file any motions or pleadings pursuant to 28 U.S.C. § 2255 on any ground, other than ineffective assistance of counsel, prosecutorial misconduct, or subsequent change in the interpretation of the law which may affect his case. Thus, the defendant knowingly, intentionally, and voluntarily waives his right to collaterally attack the plea being offered in the instant case.

Plea Agreement, ¶ 13.

Kinslow pled guilty before this court in a rearraignment proceeding on February 25, 2004. During the hearing Kinslow informed this court that he wanted a new lawyer because he did not understand his options or all the terms of the plea agreement. Rearraignment Proceedings, Vol. I, pp. 1-6. The court informed him that he had to decide if he wanted to plead guilty to the three counts and said, "[i]t's up to you, and nobody is putting any pressure on you to do that." *Id.* at 5. This court then provided Kinslow with a twenty minute recess during the rearraignment so that he could discuss the agreement with his attorney. *Id.* at 6. The court directed Kinslow's lawyer to "explain things to him, make sure he understands all of the pros and cons of things and just tell me what you want to do." *Id.* Following the recess, the parties passed the signed plea agreement to the court. *Id.* at 7.

Kinslow informed the court that he had seen a psychiatrist while in jail and that he was taking Ativan for depression. Rearraignment Proceedings, Vol. I, p. 8. Then he assured the court that the prescription medication did not "mess up" his mind at all. *Id.* at 9. The court then asked whether Kinslow understood that by pleading guilty, he was giving up the right to a jury trial, the right to a presumption of innocence, the right to confront witnesses, the right to counsel

at trial, the right to remain silent, and the right to subpoena witnesses. Rearraignment Proceedings, pp., 10-14. The court further inquired whether Kinslow "was pleading voluntarily?" *Id.* at 14. Kinslow responded "Yeah, I plead voluntarily" to this question. *Id.*

The Assistant U.S. Attorney then summarized the terms of the plea agreement for the court. During his summary, he stated,

> [Kinslow] does waive his right to appeal specifically under 28 U.S.C. 2255 other than the grounds laid out in the agreement. As Your Honor said, of course, he could still appeal his sentence, but that's not mentioned in the agreement.

Rearraignment Transcript, p. 15. This court reemphasized this portion of the plea agreement by stating,

> [i]n this plea agreement, and it's specifically Paragraph 13, if you want to look at it, it's also provided here that you're giving up your right to – one of the ways that you can appeal your conviction in this case is to file what we call a 2255, sometimes we call it a habeas corpus petition. In this plea agreement, you're giving up your right to do that except for certain things, such as ineffective assistance of counsel, prosecutorial misconduct, or a subsequent change in the law. Other than for those reasons you're giving up your right to file a habeas corpus petition here. Do you understand that?

*Id.*, pp. 17-18. Kinslow responded, "Yes, Your Honor, I understand that." *Id.* This court also asked whether Kinslow had read the plea agreement and had discussed it with his lawyer. He responded that he had. *Id.* at 17.

After some initial confusion by Kinslow between his plea hearing and his rights at sentencing and whether he wished to plead guilty to count one, the following colloquy occurred:

> The Court: I mean, you know, nobody is making you plead guilty.
> The Defendant: I plead guilty, Your Honor. I plead guilty. I plead guilty. I plead guilty.
> The Court: Is there any doubt about that now?
> The Defendant: No, Your Honor. I plead guilty.

*Id.* at 20-21.

Following the summary of the plea agreement, the Assistant U.S. Attorney summarized the facts of the case, including evidence regarding the charges pertaining to the solicitation of murder. Rearraignment Transcript, pp. 28-30. Then the following colloquy between the court and Kinslow occurred:

> The Court: All right. Mr. Kinslow, did you hear what [the Assistant U.S. Attorney] said there?
> The Defendant: Yes, Your Honor, I did.
> The Court: Pardon.
> The Defendant: Yes, Your Honor.
> The Court: And is what he said true?
> The Defendant: No, Your Honor.
> The Court: What part is not true?
> The Defendant: The whole deal about the killing, but that's not what I'm being charged with right now.
> The Court: But you did – you were involved with the conspiracy? You were selling cocaine over there?
> The Defendant: Cocaine, yes, sir.
> The Court: Crack, right?
> The Defendant: Yes, Your Honor. Your Honor, I got a right to ask questions, don't I?
> The Court: You can ask any question you want.
> The Defendant: Thank you, Your Honor.
> The Court: But I'm just asking you. You're charged here with conspiracy to sell crack and to distribute, and to possess it with intent to distribute. Did you do that?
> The Defendant: Yes, Your Honor.
> The Court: Okay. And did you have this firearm in your possession?
> The Defendant: Yes, Your Honor.
> The Court: And was this firearm in your possession, at least one purpose of this firearm was to aid you in your drug distribution.
> The Defendant: Yes, Your Honor.
> The Court: Okay. Well, are you pleading guilty because you're guilty of these three counts?
> The Defendant: Yes, Your Honor.
> The Court: All right. The Court finds that this defendant is competent and that he is capable of entering an informed plea. That his plea is knowledgeable and voluntary and that it is supported by an independent basis in fact that contains the essential elements of the offenses that he's charged with in Counts 1, 5, and 6. His plea is, therefore, accepted to those counts, and he's adjudged guilty on those counts.

*Id.* at pp. 29-31.

The PSR determined that Kinslow's total offense level was 29, and he had a criminal history category of IV. PSR, p. 7-9. It calculated the sentencing guideline range to be 181 months to 211 months based on its determination of the total offense level. Kinslow obtained new counsel to represent him on sentencing issues, and his new attorney filed objections to the PSR recommendations. [Court Doc. Nos. 23-25]. In his objections to the PSR, Kinslow's attorney questioned the government's ability to use facts pertaining to Kinslow's alleged solicitation of murder to achieve his guideline range. The objections pointed out, as quoted *supra*, that Kinslow did not admit the facts pertaining to the solicitation of murder charge at the plea hearing. Kinslow objected to the use of facts not admitted by him to increase his sentence, citing *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

On July 30, 2004 Kinslow appeared before the court for sentencing. Based on the *Blakely* objections, the court reduced the sentence recommended by the PSR. The court determined that the total offense level should be 18 with a criminal history category of IV. It sentenced Kinslow to 111 months of imprisonment and six years of supervised release. Judgment Proceedings, Vol. I, p. 9-11.

Kinslow initially appealed his sentence. [Court Doc. No. 28]. He then voluntarily dismissed his appeal. [Court Doc. No. 32]. In between Kinslow's filing of his appeal and the dismissal of his appeal, the U.S. Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). Kinslow timely filed his Section 2255 motion.

In his motion Kinslow raises four arguments: (1) that his plea was unlawfully induced or

not made voluntarily and knowingly; (2) that the prosecution failed to disclose evidence favorable to the defense to Kinslow; (3) that no jury found him guilty of the facts relating to the underlying offenses relating to firearms; and (4) his sentence violated the ruling in *Blakely*. [Court Doc. No. 1].

## II.     Standard of Review

28 U.S.C. § 2255 states in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *see also, Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). As the Sixth Circuit has held, "[i]n order to prevail upon a section 2255 motion, the petitioners 'must allege one of three bases: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Moss*, 323 F.3d at 454 (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

Petitioner Kinslow voluntarily dismissed his direct appeal, and he is now seeking collateral review for what he claims to have been errors of constitutional magnitude. The Sixth Circuit has held that "[o]n collateral review, a trial error is deemed harmless unless it had a 'substantial and injurious effect or influence in determining the jury's verdict. It is a 'well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.'" *Fair v. United States*, 157 F.3d 427 (6th Cir. 1998)

(quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *United States v. Frady*, 456 U.S. 152, 166 (1982)). Petitioners must "show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair*, 157 F.3d at 430 (quoting *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994)).

Further,

> [w]hen a section 2255 petitioner has procedurally defaulted his contentions by failing to assert them on direct appeal or via a previously litigated habeas application, he must further either prove (1) that he possessed good cause for failing to do so and would suffer actual prejudice if his averments are deemed precluded, or (2) that he is actually innocent of the subject offense.

*Fair*, 157 F.3d at 430 (citing *Bouseley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611 (1998) (other citations omitted)).

### III. Analysis

The government points out that Kinslow waived his right to file a motion to vacate, set aside, or correct a sentence under Section 2255 in his plea agreement. Paragraph 13 of the plea agreement states that "[t]he defendant further agrees not to file any motions or pleadings pursuant to 28 U.S.C. § 2255 on any ground, other than ineffective assistance of counsel, prosecutorial misconduct, or subsequent change in the interpretation of the law which may affect his case." [Court Doc. No. 17, ¶ 13].

The Sixth Circuit has held that such waivers are valid. The Sixth Circuit has noted that: "'[i]t is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." To be a valid waiver the defendant must enter into the waiver agreement knowingly, intelligently, and voluntarily." *Davila v. United States*, 258 F.3d 448 (6th Cir. 2001) (quoting *United States v. Fleming*, 239 F.3d 761, 763 (6th

Cir. 2001)). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160 (1970)). The Supreme Court has noted that "[a] plea may be involuntary either because the accused does not understand the nature of the constitutional protections that he is waiving . . . or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645 n.13, 96 S.Ct. 2253 (1976) (citations omitted).

A valid guilty plea "not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). A guilty plea will be considered knowing and voluntary where a defendant "actually *does* understand the significance and consequences of a particular decision" and where the "decision is uncoerced." *Godinez v. Moran*, 509 U.S. 389, 401 n. 12, 113 S.Ct. 2680 (1993); *United States v. Carpenter*, 25 F.App'x 337 (6th Cir. 2001).

In this action the record reveals that Kinslow informed the court that he understood the plea agreement and that he understood he would be waiving his right to bring a motion pursuant to Section 2255, except for the three excluded areas of ineffective assistance of counsel, prosecutorial misconduct, and a change in intervening law. The transcript from the plea hearing clearly indicates that Kinslow knowingly, voluntarily, and intelligently waived his right to appeal his plea pursuant to a Section 2255 motion except for a limited number of reasons. He informed this court that he had read the plea agreement and discussed it with his attorney and that he understood he was giving up habeas appeal rights. Rearraignment Proceedings, pp. 17-

18. He also informed the court that no one had pressured him into signing the agreement. *Id.* at p. 14. Further, this court even provided Kinslow with a twenty minute recess during the course of the plea hearing so that he could consult with his attorney regarding the terms of the plea agreement and the impact of pleading guilty. Kinslow has pointed to no evidence suggesting that he did not enter into his plea agreement or plead guilty before this court both knowingly and voluntarily. The court concludes that the waiver of the right to file a Section 2255 motion on various grounds is valid because Kinslow entered into the waiver voluntarily and knowingly. The court further concludes that Kinslow's plea of guilty before this court was made knowingly and voluntarily.

Kinslow has thus waived the right to bring a Section 2255 motion on any but the three excluded areas. Kinslow does not claim ineffective assistance of counsel. The only claims that he did not waive in his plea agreement are his claims of prosecutorial misconduct in failing to disclose evidence favorable to his defense and that his sentence violates a change in intervening law pursuant to *Blakely*.

Kinslow claims that the government failed to disclose evidence favorable to his defense. However, he does not identify what evidence would have been helpful to his case that was not disclosed to him. Various courts in this circuit have explained the rules pertaining to the disclosure of exculpatory evidence:

> Under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." "[T]he three components or essential elements of a *Brady* prosecutorial misconduct claim [are as follows]: 'The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must

18. He also informed the court that no one had pressured him into signing the agreement. *Id.* at p. 14. Further, this court even provided Kinslow with a twenty minute recess during the course of the plea hearing so that he could consult with his attorney regarding the terms of the plea agreement and the impact of pleading guilty. Kinslow has pointed to no evidence suggesting that he did not enter into his plea agreement or plead guilty before this court both knowingly and voluntarily. The court concludes that the waiver of the right to file a Section 2255 motion on various grounds is valid because Kinslow entered into the waiver voluntarily and knowingly. The court further concludes that Kinslow's plea of guilty before this court was made knowingly and voluntarily.

Kinslow has thus waived the right to bring a Section 2255 motion on any but the three excluded areas. Kinslow does not claim ineffective assistance of counsel. The only claims that he did not waive in his plea agreement are his claims of prosecutorial misconduct in failing to disclose evidence favorable to his defense and that his sentence violates a change in intervening law pursuant to *Blakely*.

Kinslow claims that the government failed to disclose evidence favorable to his defense. However, he does not identify what evidence would have been helpful to his case that was not disclosed to him. Various courts in this circuit have explained the rules pertaining to the disclosure of exculpatory evidence:

> Under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." "[T]he three components or essential elements of a *Brady* prosecutorial misconduct claim [are as follows]: 'The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must

have ensued.'"

*Bryan v. Berghuis*, No. 1:04cv775, 2008 WL 65383 *8 (W.D. Mich. Jan. 4, 2008) (quoting *Banks v. Dretke*, 540 U.S. 668, 691, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004)). Kinslow has not identified any piece of evidence the prosecution failed to disclose to him, nor does the record suggest any evidence that was exculpatory or impeaching that the prosecution excluded from Kinslow. There is simply nothing in the record supporting Kinslow's claim of a *Brady* violation or any prejudice that resulted from any identified *Brady* violation. The court concludes that Kinslow's claim regarding the prosecution's failure to overturn favorable evidence must fail.

Kinslow further argues that *Blakely v. Washington*, 542 U.S. 296 (2004) also applies to his claims. In *Blakely* the Supreme Court held that the defendant's sentence violated the defendant's Sixth Amendment right to a jury trial where the court sentenced him to prison for more than three years beyond the maximum sentence for the crime to which he confessed based on a disputed issue of fact. 542 U.S. at 313-314. In *Booker* the Supreme Court invalidated provisions of the Sentencing Reform Act that made the United States Sentencing Guidelines mandatory, instead making the Guidelines advisory. 543 U.S. at 244-245. The Sixth Circuit has since clarified that *Blakely* claims are now *Booker* claims and *Booker* claims do "not apply retroactively to cases already final on direct review." *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005). Thus, *Booker* and *Blakely* do not apply to Kinslow's Section 2255 motion. Even if they did, no error occurred because this court reduced Kinslow's sentence based on his *Blakely* objections. The court thus refused to consider evidence regarding his alleged solicitation to commit murder.

Kinslow further claims that his plea was unlawful because no reasonable factfinder found

him guilty of the underlying firearms offenses. If this is not an argument that his sentence was in violation of a change in intervening law, then Kinslow has waived this claim. It is possible that Kinslow is arguing that the failure to have a factfinder determine the facts relating to the firearms offenses somehow violates *Booker* and *Blakely*. As stated *supra*, *Booker* and *Blakely* do not apply to Kinslow's Section 2255 motion. Even if they did, no error occurred here because the court reduced Kinslow's sentence because he did not admit any facts relating to the solicitation of murder in the plea hearing. The court therefore relied only on those facts admitted by Kinslow during the plea hearing. In addition, to the extent Kinslow claims the facts were not sufficient to convict him of the firearms charges, such a contention is without merit because Kinslow clearly admitted the facts pertaining to the firearms charges during the plea hearing. Rearraignment Transcript, pp. 22-25, 30. During the plea hearing, the following colloquy occurred:

> The Court: . . . You're charged here with conspiracy to sell crack and to distribute, and to possess it with intent to distribute. Did you do that?
> The Defendant: Yes, Your Honor.
> The Court: Okay. And did you have this firearm in your possession?
> The Defendant: Yes, Your Honor.
> The Court: And was this firearm in your possession, at least one purpose of this firearm was to aid you in your drug distribution?
> The Defendant: Yes, Your Honor.
> The Court: Okay. Well, are you pleading guilty because you're guilty of these three counts?
> The Defendant: Yes, Your Honor.

*Id.* at 30-31. Thus, there was no need to prove any facts to a finder of fact because Kinslow admitted them before this court. Kinslow has failed to demonstrate grounds for Section 2255 relief. Therefore, his motion will be **DENIED**.

**V.    Conclusion**

For the reasons stated *supra*, Mr. Kinslow's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 is **DENIED**. This matter is dismissed with prejudice.

A separate judgment will enter.

<pre>
              /s/ R. Allan Edgar
             R. ALLAN EDGAR
        UNITED STATES DISTRICT JUDGE
</pre>